Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
FEB 2 5 2002
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA — WESTERN DISTRICT

| | |
|---|---|
| OMER HARLAND GALLION,<br><br>    Petitioner,<br><br>vs.<br><br>GEORGE GALAZA, Warden,<br><br>    Respondent. | Case No. SACV 00-491 GLT (JWJ)<br>(formerly<br>Case No. CV 98-9517 RAP (JWJ))<br><br>**ORDER<br>REQUIRING<br>EVIDENTIARY HEARING** |

Petitioner Omer Harland Gallion's "Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254)" (hereinafter "Petition") is pending. On February 14, 2002, the Court held a Status Conference in this matter (hereinafter "2/14/02 Status Conference"). A special counsel appeared on behalf of petitioner's counsel, and respondent appeared through his representative from the California Attorney General's office. After hearing the positions of the parties regarding the status of the record in this case, the Court now issues the following Order requiring an evidentiary hearing in this matter.

### I. BACKGROUND

Petitioner filed the instant Petition on November 25, 1998. Petitioner challenges a conviction he received on August 16, 1995 in the Los Angeles County

Superior Court for the first-degree murder of his mother-in-law, Catherine Halgren. (Petition, p. 3.) Halgren was murdered on or about September 15, 1972. (Reporter's Transcript on Appeal Volume 1 ("RTA1") 53-56.) At trial, one of petitioner's daughters, Catherine Marie de la Vega, testified that about a week after her grandmother Halgren was killed, petitioner confessed to her that he had murdered Halgren.[1] (Pet Exhs A, p. 2.) Catherine was twenty years old at the time of the purported confession. (Pet Exhs. H Med Records p. 1.) However, Catherine did not come forward with her story that her father had confessed to her until twenty-three years later, when Catherine was forty-three years old. (RTA1 61-96.) To explain; the many years of silence, Catherine and her sisters were permitted to testify about the manner in which their father had abused them — sexually, physically, and emotionally — when they were young. (Pet Exhs A, p. 2.)

Petitioner raises four grounds in the instant Petition in support of his claim that he is being held unlawfully:

(1) petitioner received ineffective assistance of counsel when his trial counsel (a) failed to investigate and introduce evidence, such as medical reports, police reports, probate documents, and testimony from petitioner's oldest daughter, Linda Chant, to impeach testimony, and (b) failed to investigate and introduce evidence of petitioner's alibi that he was not at the scene when the victim was killed, and other exculpatory evidence in favor of petitioner at trial;

---

[1] Petitioner has three daughters: Linda, the oldest, Catherine Marie, the middle daughter, and Robin, the youngest. At the time of petitioner's trial, petitioner's daughter Catherine Marie was married and her full name was Catherine Marie de la Vega. Linda's full name was Linda Chant, and Robin's full name was Robin Wood. (RTA1 98.)

(2) petitioner received ineffective assistance of counsel when his trial counsel failed to object during petitioner's testimony at trial to evidence of prior uncharged acts and inadmissible character;

(3) petitioner was deprived of his right to a fair trial when the prosecutor committed misconduct by withholding evidence, by permitting witnesses to testify to claims which the prosecution knew were false or misleading, and by making improper comments about petitioner's demeanor when petitioner was testifying; and

(4) new evidence, based on the Declaration of petitioner's oldest daughter, Linda Chant, shows that petitioner was convicted on the basis of false and insufficient evidence, and that Catherine Marie de la Vega was lying when she testified against petitioner, in violation of his right to due process.

(See Petition, pp. 6-7.)

Since an ineffective assistance of counsel claim requires inquiry into counsel's strategic decisionmaking, a thorough review of the record is required. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Accordingly, the Court has considered not only the evidence admitted at petitioner's trial, but the facts and assertions contained in the record before us, including police reports and medical records, in order to analyze the information that was available at the time petitioner's trial counsel formulated his trial strategy.

## II. DISCUSSION

A. Petitioner's Entitlement to an Evidentiary Hearing.

Because the instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059,

138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1493-94 (9th Cir. 1997) (en banc).

1. <u>Legal Standard for Ordering of an Evidentiary Hearing.</u>

Rule 8 of the Rules Governing Section 2254 Cases is entitled "Evidentiary Hearing" and provides, <u>inter alia</u>, that a judge "shall, upon a review of [the] proceedings and of the . . . record . . . determine whether an evidentiary hearing is required." Rule 8(a), Rules Governing Section 2254 Cases. However, as a result of the 1996 amendments to the AEDPA, 28 U.S.C. § 2254(e) "now substantially restricts the district court's discretion to grant an evidentiary hearing." <u>Baja v. Ducharme</u>, 187 F.3d 1075, 1077 (9th Cir. (Wash.) 1999). Section 2254(e) of Title 28 U.S.C. reads:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that —
>
> (A) the claim relies on —
>
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e).

///

Under the amended statutory scheme, a district court presented with a request for an evidentiary hearing must determine whether a factual basis exists in the record to support the petitioner's claim. Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). If the petitioner has not "failed to develop" the factual basis of a claim in state court, the district court may proceed to consider whether a hearing is appropriate. Id. "Under the opening clause of 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 432, 120 S. Ct. 1479, 1488, 146 L. Ed. 2d 435 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Williams v. Taylor, 529 U.S. at 437, 120 S. Ct. at 1490.

However, "[w]here an applicant has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." Cardwell v. Greene, 152 F.3d 331, 336-340 (4th Cir. 1998), cert. denied, 525 U.S. 1037, 119 S. Ct. 587, 142 L. Ed. 2d 491 (1998), overruled on other grounds, Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000); see also Jones v. Wood, 114 F.3d 1002, 1013 (9th Cir. 1997). "Where . . . the state courts simply fail to conduct an evidentiary hearing, the AEDPA does not preclude a federal evidentiary hearing on otherwise exhausted habeas claims." Jones v. Wood, 114 F. 3d at 1010.

Finally, the Court notes that claims that trial counsel was ineffective are ordinarily reviewed only in collateral proceedings because such claims usually cannot be resolved without the development of facts outside the original record. Baja v. Ducharme, 187 F.3d at 1078. citing United States v. Sitton, 968 F. 2d 947, 960 (9th Cir. 1992).

///

///

2. <u>Petitioner's Development of Claims in State Court.</u>

Petitioner has pursued a direct appeal and presented habeas applications regarding his murder conviction to the state courts.

a. <u>Direct appeals.</u>

On August 3, 1996, petitioner filed a direct appeal from his conviction to the California Court of Appeal, case no. B096087. Petitioner's direct appeal raised several issues, including the claim that petitioner was denied his Sixth Amendment right to the effective assistance of counsel when petitioner's trial counsel failed to object to testimony from petitioner's daughters, and failed to object to questions from the prosecutor that elicited inadmissible character evidence. (<u>See</u> Lodged Documents, Exhibit E 74-86.) That appeal was denied in an opinion filed March 26, 1997. (<u>See</u> Exhibit F 88-103.)

On May 5, 1997, petitioner filed a Petition for Review from the decision of the California Court of Appeal denying his direct appeal in case no. B096087. (Exhibit I 335 <u>et seq.</u>) The Petition for Review was assigned case no. S061115. (Exhibit I 335.) Petitioner did not raise his claim that trial counsel's performance violated petitioner's Sixth Amendment right to effective assistance of counsel. However, petitioner did claim, <u>inter alia</u>, that testimony from petitioner's daughters was improperly admitted by the trial court, and that the prosecutor elicited inadmissible character evidence from witnesses which should have been excluded. (<u>See</u> Exhibit I 335- 368.) This Petition for Review was denied by the California Supreme Court on July 9, 1997 without comment or citation to authority. (Exhibit J 386.)

b. <u>Habeas applications.</u>

On March 25, 1997, petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal, case no. B 110478. (See "Petition for Writ of

-6-

1  Habeas Corpus and Brief and Exhibits in Support Thereof" lodged by petitioner
2  [hereinafter "Ct of App Habeas"].)  Petitioner raised, inter alia, the following claims
3  in his habeas application to the California Court of Appeal: (1) petitioner received
4  ineffective assistance of counsel because his trial attorney failed to introduce readily
5  available exculpatory evidence; (2) petitioner received ineffective assistance of counsel
6  because his trial attorney failed to object to inadmissible character evidence; and (3)
7  the prosecutor committed misconduct when he relied on inaccurate and misleading
8  information.  (See Ct of App Habeas, pp. i-ii.)  Petitioner went on to state that the
9  factual grounds for petitioner's claims of ineffective assistance of counsel included,
10 inter alia: (1) counsel's failure to introduce Catherine de la Vega's medical records to
11 impeach her testimony; (2) counsel's failure to present evidence that a clock radio
12 was found at the scene of the crime which would have cast doubt on the
13 prosecution's theory of the time of the murder; (3) counsel's failure to impeach
14 Marvin Gallion, petitioner's brother, with his statements from an earlier police
15 report; (4) counsel's failure to introduce evidence that Halgren had let another
16 person – not petitioner – into her house at the time of the murder; (5) counsel's
17 failure to impeach erroneous details in Catherine de la Vega's account of the murder;
18 (6) counsel's failure to question the prosecution's theory that petitioner bought
19 Catherine de la Vega a car in return for her silence; and (7) counsel's failure to object
20 to inadmissible character evidence.  (See Ct of App Habeas, pp. 1-9.)  Petitioner
21 requested an evidentiary hearing on the grounds presented in his habeas petition to
22 the California Court of Appeal.  (Ct of App Habeas, p. 12.)  On May 22, 1997 the
23 Court of Appeal denied petitioner's petition for writ of habeas corpus without
24 comment or citation to authority.  (RE Exh H 333.)
25      On May 30, 1997, petitioner filed a petition for writ of habeas corpus in the
26 California Supreme Court, case no. S061756 (hereinafter "Supreme Ct. Habeas");
27 that petition, except for some minor introductory revisions, was identical to the
28 habeas application filed in the California Court of Appeal and presented the same

claims. Petitioner again requested an evidentiary hearing on the grounds presented in his habeas petition to the California Supreme Court. (Supreme Ct. Habeas, p. 12.) In addition, on March 24, 1998, petitioner filed a "Supplemental Brief" in support of his petition for writ of habeas corpus with the California Supreme Court. The Supplemental Brief presented the fourth claim in the instant Petition, that is, that new evidence from Linda Chant, petitioner's oldest daughter, shows that Catherine de la Vega was lying when she testified at petitioner's trial and that there was insufficient evidence to convict petitioner. The Supplemental Brief also presented a claim that petitioner's trial counsel rendered ineffective assistance of counsel when he failed to investigate whether Linda Chant could impeach Catherine de la Vega's testimony. On April 15, 1998, the California Supreme Court denied petitioner's petition for writ of habeas corpus without comment or citation to authority.

3.   Entitlement to Evidentiary Hearing.

Because it is clear from the record that petitioner sought to develop the factual bases for the four claims in the instant Petition in the state courts, and that the state courts failed to grant petitioner an evidentiary hearing on these claims, petitioner is not now precluded from an evidentiary hearing in federal court on these claims. See Jones v. Wood, 114 F.3d at 1010-13 (9th Cir. 1997); Cardwell v. Greene, 152 F.3d at 336-340 (4th Cir. 1998). Furthermore, at the 2/14/01 Status Conference, respondent's counsel conceded that the record in this case is "bare," and that further development of the facts could be warranted. Accordingly, the Court orders an evidentiary hearing in this matter, as set forth more fully infra.

///
///
///

# ORDER

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED THAT:**

(1) An evidentiary hearing will be held in this matter beginning on Wednesday, April 3, 2002 at 10:00 a.m., and continuing on succeeding days as necessary until the evidentiary hearing is completed, in Courtroom "C" of the United States District Courthouse, 312 North Spring Street, 8th Floor, Los Angeles, California;

(2) Respondent shall produce the petitioner and ensure his presence at the evidentiary hearing. The Court Clerk is hereby directed to assist respondent with the paperwork necessary to secure petitioner's presence at the hearing;

(3) The parties shall be prepared to call witnesses and present evidence relevant to the claims in the instant Petition at the evidentiary hearing. Such witnesses and evidence may include, <u>inter alia</u>, petitioner's former trial counsel, Mr. Phillip Boche, and may address, <u>inter alia</u>, the issue of what evidence was available to petitioner's trial counsel at the time of trial, trial counsel's strategy at trial, and the points of discussion enumerated in this Court's January 14, 2002 Minute Order;

(4) The parties shall prepare and exchange witness lists before the evidentiary hearing. Such witness lists shall be filed with the Court by March 15, 2002;

///
///
///

(5) Petitioner's counsel, Richard Dangler, shall personally attend the evidentiary hearing, or shall notify the Court in a timely manner if he seeks to re-schedule the evidentiary hearing or cannot attend. Special counsel will not be allowed to appear for Mr. Dangler at the evidentiary hearing without prior leave of this Court.

**IT IS SO ORDERED.**

Date: February 22, 2002

JEFFREY W. JOHNSON
United States Magistrate Judge